JUDGE SAND

**09 CIV 00710**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANDRE PADRO, )
  )  **COMPLAINT**
           Plaintiff, )
  )  **JURY TRIAL DEMANDED**
        -against- )
  )  ECF Case
THE CITY OF NEW YORK and Police Officers )
HARRINGTON, )
ALVARADO, and MOORE, )
  )
           Defendants. )
-----------------------------------------------------------X

RECEIVED JAN 26 2009 U.S.D.C. S.D.N.Y. CASHIERS

## **PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## **JURISDICTION**

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## **JURY TRIAL DEMANDED**

3. Plaintiff demands a trial by jury on each and every one of the claims pleaded

herein.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5.      Plaintiff ANDRE PADRO was at all relevant times herein a resident of Brooklyn, New York.

6.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

7.      Defendants HARRINGTON, ALVARADO and MOORE are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

8. On January 1, 2008 plaintiff ANDRE PADRO was in the custody of defendants HARRINGTON, ALVARADO and MOORE, New York City police officers, at the 61st Precinct stationhouse in Brooklyn, New York.

9. Plaintiff requested medical attention after being taunted by defendants, but medical attention was denied.

10. Defendants stated, in sum and substance, that the only way plaintiff would be taken for medical care was if plaintiff attempted suicide. Plaintiff pantomimed a suicide attempt by tying his shirt to the bars of his cell and draping it around his neck.

11. Defendants HARRINGTON, ALVARADO and MOORE then brought a taser device to the area outside plaintiff's cell. Defendant MOORE then fired the taser device, striking plaintiff and administering an electric charge. Defendants then entered plaintiff's cell, during which time they injured plaintiff's finger.

12. Plaintiff was removed to Coney Island Hospital for treatment.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

13. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

14. By their conduct and actions in using excessive force upon plaintiff, and by failing to intervene to prevent the complained of conduct, defendants HARRINGTON, ALVARADO and MOORE, acting under color of law and without lawful justification, intentionally,

maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

15. As a result of the foregoing, plaintiff suffered specific and serious bodily injury, emotional distress, pain and suffering, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

16. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

17. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

18. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants HARRINGTON, ALVARADO and MOORE. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth

Amendments.

19. As a result of the foregoing, plaintiff suffered specific and serious bodily injury, emotional distress, pain and suffering, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

**SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983**

20. The plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

21. By their conduct in failing to remedy the wrongs committed by defendant MOORE, and in failing to properly train, supervise, or discipline defendant MOORE, defendants HARRINGTON and ALVARADO caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth and Fourteenth Amendments.

22. As a result of the foregoing, plaintiff suffered specific and serious bodily injury, emotional distress, pain and suffering, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims

herein;

    d. Pre- and post-judgment costs, interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
            January 14, 2009

                                            _____
                                            MICHAEL L. SPIEGEL, Esq.
                                            111 Broadway, Suite 1305
                                            New York, New York 10006
                                            (212) 587-8558
                                            *Attorney for Plaintiff*